[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-13236
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 8, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00003-CR-1-MMP-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CECILIA HENRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

**(November 8, 2006)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Cecilia Henry appeals her 24-month sentence, which was imposed after she pled guilty to Social Security fraud, in violation of 42 U.S.C. § 1383a(a)(4), arising out of her theft of her son's Social Security benefits. For the first time on appeal,

Henry argues that the district court violated Booker[1] and the Sixth Amendment by failing to consider the factors listed in 18 U.S.C. § 3553(a), along with the advisory Guidelines range, and that her sentence is unreasonable. We affirm.

We review post-Booker sentences for reasonableness. Booker, 543 U.S. at 261; United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). However, because Henry failed to raise the instant argument in the district court, our review of her claim is for only plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005). To prevail under this standard, Henry must show "(1) error, (2) that is plain, and (3) that affects substantial rights." Id. (internal quotations and citations omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation and citation omitted).

It is now well-settled that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a)

_____

[1] United States v. Booker, 543 U.S. 220 (2005).

2

is sufficient under <u>Booker</u>." <u>Talley</u>, 431 F.3d at 786. Moreover, we have upheld a sentencing determination where express consideration of the § 3553(a) factors could not change the result, and where the district court had already explicitly considered deterrence and punishment -- two factors listed in § 3553(a). <u>United States v. Robles</u>, 408 F.3d 1324, 1328 (11th Cir. 2005).

Here, we discern no plain error in the district court's sentencing scheme. First, contrary to Henry's argument that the record indicates the district court imposed a sentence pursuant to mandatory guidelines, the district court clearly stated during the plea colloquy that it understood the Guidelines were advisory. <u>See</u> <u>United States v. Pope</u>, 461 F.3d 1331, 1335 (11th Cir. 2006), ("So long as the district court indicated that it understood the Guidelines to be advisory, no reversible error exists."). Second, at the sentencing hearing, although the district court did not explicitly state it was considering the § 3553(a) factors, our review of the record, with particular attention to the sentencing transcript and the PSI, makes <u>clear</u> that the court heard argument and received evidence on many of the factors listed in the statute, including: (1) "nature and circumstances of the offense and the history and characteristics of the defendant"; and (2) "need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; [ ] to protect the public from further crimes of the defendant; and [ ] to provide the defendant with

3

needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]"  See 18 U.S.C. § 3553(a)(1), (2)(B)-(D).

The court imposed a 24-month sentence, which it stated was "appropriate," after it had considered arguments from both Henry and the government concerning her personal history and circumstances, mental health, and prior offenses, which the court found demonstrated Henry's propensity for violence.  Finally, the court ordered Henry to undergo substance abuse treatment and mental health counseling and treatment while in prison, thus further demonstrating the court's consideration of Henry's personal circumstances, within the meaning of § 3553(a).  In short, the district court was not required to do more.

We also conclude that Henry's 24-month sentence, which was at the mid-point of the 21 to 27 months' range that she faced, was reasonable.  After Booker, the party challenging the sentence has the burden to  establish that her sentence is unreasonable in light of the § 3553(a) factors and the record established below. Talley, 431 F.3d at 788.  While a sentence within the guideline range is not per se reasonable, it is expected to be reasonable.  See id.  In short, Henry has not met her burden here to show why her mid-point sentence is unreasonable within the meaning of Booker.

**AFFIRMED.**